FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

01 MAR 29 AM 10: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

FAYRENE PICKARD, on behalf of }
herself and others similarly }
situated, }
}
    Plaintiffs, }
} CIVIL ACTION NO.
v. }
} 00-AR-1519-J
STATE FARM MUTUAL AUTOMOBILE }
INSURANCE COMPANY, }
}
    Defendant. }

ENTERED

MAR 29 2001

### MEMORANDUM OPINION

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, plaintiff, Fayrene Pickard ("Pickard"), moves this court to alter, amend or vacate this court's February 28, 2001, order entered in favor of defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). For the reasons set out more fully below, Pickard's motion will be denied.

### Discussion

### 1. Jurisdiction

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend the grant of summary judgment, and provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment." "Timeliness constitutes a jurisdictional dimension central to . . . the motion for reconsideration . . . [A]n untimely filed motion



to alter or amend cannot invoke a trial court's jurisdiction." *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir. 1994). *See also Wright v. Preferred Research, Inc.*, 891 F.2d 886, 890 (11th Cir. 1990)(stating that ten day period set forth in Rule 59(e), is jurisdictional and cannot be extended by the court). State Farm contends that Pickard's motion is untimely because she filed it "fourteen days after entry and four days after the time proscribed [sic]" by Rule 59(e).

Rule 59(e)'s ten day filing requirement must be read in conjunction with Rule 6(a), which provides, in relevant part, that "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." In this case, counting ten days from the entry of judgment, and excluding intermediate Saturdays, Sundays and legal holidays, Pickard needed to file her Rule 59(e) motion on or before the close of business on March 14, 2001. This she did. Therefore, her Rule 59(e) motion was timely.

### 2. Standing

Pickard offers several criticisms of this court's conclusion that she lacks standing to sue State Farm. First, Pickard contends that this court gave "too much weight" to the deposition testimony of Dr. Kevin Palmer ("Dr. Palmer") in reaching the conclusion that Pickard suffered no "injury in fact". Pickard points out that:

2

> Dr. Palmer's deposition testimony is contradictory, at best, and therefore there is a genuine issue of material fact as to whether Dr. Palmer will seek payment from Plaintiff Pickard if Defendant State Farm does not pay Plaintiff's medical expenses. Despite Dr. Palmer's testimony that he did not intend to institute action against Ms. Pickard, Dr. Palmer unequivocally testified that he was going to look to Ms. Pickard to pay approximately two thousand dollars ($2,000.00) of his bill which State Farm had refused to pay.

*Pickard Brief*, at 3 (referring to Dr. Palmer Depo., at 262). This portion of Dr. Palmer's deposition testimony was not directed to the court's attention before the granting of summary judgment in favor of State Farm. The court, however, maintains its belief that Pickard lacks standing despite a possibility that Dr. Palmer may look to Pickard for what State Farm has refused to pay. If Dr. Palmer's willingness or unwillingness to sue Pickard were the only factual issue upon which to base Pickard's standing or lack of standing, this court would reverse itself. This is not, however, the only hurdle Pickard must overcome.

As this court previously stated, "it appears that the only way Pickard would suffer an 'injury in fact' would be if Dr. Palmer should undertake to collect the unpaid balance, and if State Farm breached its indemnity agreement. Neither of these triggering events has occurred." *Memorandum Opinion*, at 8. Assuming *arguendo* that the first triggering event occurred (i.e., Dr. Palmer should

3

sue Pickard for the unpaid balance), Pickard would not suffer any "injury in fact" because State Farm has fully indemnified her. Only if State Farm should refuse to honor its indemnification agreement would Pickard sustain any compensable injury.

Second, Pickard suggests that the court should be persuaded by factually similar cases from other jurisdictions. Not only are the cases cited by Pickard not binding on this court, but they are distinguishable. For example, Pickard relies on *Robinson v. State Farm Mutual Auto. Ins. Co.*, 2000 WL 1877745 (Idaho Dec. 28, 2000), in which that court affirmed a jury verdict for compensatory and punitive damages against State Farm for bad faith in handling a claim under a $25,000 medical expense limit. While the *Robinson* case is similar to Pickard's case, the *Robinson* court found that State Farm subjected claims to a paper review "which were often prepared by non-medically trained personnel, and signed by physicians without reviewing the underlying recommendation." *Robinson*, 2000 WL 1877745, at *17. The court thereupon determined that this practice "severely deviated from the reasonable standards of conduct of the insurance industry . . . [and that State Farm] was on notice of the unreliable review procedure utilized by the various paper review companies." *Id*. Here, State Farm submitted Pickard's claim to a third party "utilization review" vendor, namely Dr. Charles Brown, who is a chiropractor just like Dr.

4

Palmer is. The difference between a review by non-medically trained personnel and by another trained chiropractor is a crucial difference, making it impossible for this court to conclude, as the *Robinson* court did, that the review procedure was "unreliable.". Moreover, the *Robinson* opinion is silent as to whether there was an indemnification agreement in the insurance contract between the plaintiff and State Farm. In the instant case, State Farm's contractual obligation to indemnify Pickard is a significant fact, playing an important role in this court's finding of lack of standing.

Last, Pickard's reliance on *Puritt v. Allstate Ins. Co.*, 672 N.E.2d 353 (Ill. App. 1996), is also misplaced. While the insurance contract in *Puritt* contained an indemnification provision, other significant facts are different. In *Puritt,* the plaintiff had paid his doctor all outstanding medical bills, and was joined in the action by his doctor who (1) had treated five patients covered by Allstate policies, (2) had submitted claims to Allstate under medical payments provisions of the policy for treatment rendered by her, and (3) had received only partial payment of the bills. The doctor's contention that the assignments from her patients placed her "in their shoes for purposes of this lawsuit" went unchallenged by Allstate. *Id.* at 354-55. In the instant action, Pickard argues that she, just like "Puritt . . .,

5

[possesses] a contractual right to reimbursement for their legitimate and reasonable medical expenses." *Pickard Brief*, at 10 (citing *Puritt*, 672 N.E.2d at 356). Pickard, by omitting a portion of this sentence, alters its substantive meaning, which, in its entirety, reads: "Puritt **and Dr. Knudsen, through the five assignments**, possess a contractual right to reimbursement for their legitimate and reasonable medical expenses." *Puritt*, 672 N.E.2d at 356 (emphasis supplied). Here, Pickard has not paid Dr. Palmer's bill. And unlike Dr. Knudsen, Dr. Palmer is neither a party to this action nor is he the assignee of Pickard's rights under her insurance contract with State Farm. Furthermore, under Alabama law, and contrary to the law of Illinois, a claim is not justiciable until the harm has matured sufficiently. *See Luken v. BancBoston Mortgage Corp.*, 580 So. 2d 578, 581 (Ala. 1991) (holding that an allegation that plaintiffs **may** be required to pay defendant in the future is not sufficient to invite a judicial declaration of the respective rights of the parties).

### Conclusion

In light of these facts, Pickard still fails to establish her standing to sue State Farm, and her motion for reconsideration will be denied. A separate and appropriate order in conformity with the foregoing opinion will be entered.

DONE this __29th__ day of March, 2001.

*[signature]*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE